# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAX JERI,** | : | CIV NO. 1:19-CV-1805 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **SCOTT FINLEY, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.  Statement of Facts and of the Case

This case is a *pro se* prisoner civil rights action brought by Max Jeri, a federal prisoner who was formerly housed at the Federal Correctional Institution, Schuylkill. On October 17, 2019, Jeri filed a complaint and motion for preliminary injunction, (Doc. 1), which alleged that he was suffering from an immediate and urgent medical condition—internal bleeding—which required an exigent response. (Id.) Jeri's pleadings sought injunctive relief only, in the form of an order directing that Jeri receive treatment for this acute medical condition. (Id.)

Given the nature of Jeri's expressed concerns, we directed that a copy of the complaint be served and instructed the government to provide an expedited response to Jeri's request for immediate medical assistance. (Doc. 5). The government has now filed this response. (Doc. 7). That response indicates that prison medical staff have been attentive to Jeri's needs, and notes that on October 22, 2019, Jeri was

transferred from FCI Schuylkill to the Federal Medical Center Butner for further care and treatment. (Id., at 3). In light of these developments, the government suggests that Jeri's requests for injunctive relief from officials at FCI Schuylkill are now moot and this case should be transferred to the Eastern District of North Carolina, where the Butner Medical Center is located and where Jeri is currently housed and receiving medical care.

For the reasons set forth below, we concur.

## II.     Discussion

Jeri's complaint seeks prospective relief only in the form of an order directing medical care for his internal bleeding. It is undisputed, however, that Jeri is no longer housed in this district but rather has been transferred to the Federal Medical Center Butner, in Butner, North Carolina.

This immutable fact effects this litigation in at least two ways. First, it suggests that, in this district, this case is now moot. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In this case, Jeri sought to enjoin prison officials at FCI Schuylkill to provide him with specific forms of medical care. Yet, it is entirely undisputed that

Jeri is no longer in the defendants' custody and, therefore, no longer receives these services from the prison defendants named in this case.

This simple fact raises a threshold, and insurmountable, obstacle to this motion for injunctive relief relating to treatment at a prison where Jeri is no longer incarcerated. Upon consideration, we conclude that the plaintiff's transfer renders his motion for injunctive relief in this district moot. In this setting, the United States Court of Appeals for the Third Circuit has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations omitted); see also Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir.1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial).

Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). See Griffin v. Beard, No. 09-4404, 2010 WL 4642961 (3d Cir. Nov. 17, 2010) (transfer from SCI Huntingdon renders inmate injunctive relief claim moot). Indeed, as this court has previously observed, in a case such as this, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where these injunctive claims arose:

> [H]is request[] to enjoin the defendants from interfering with his [rights] is academic.. In other words, [the prisoner-plaintiff's] transfer

> to another institution moots any claims for injunctive or declaratory relief.

Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D. Pa. 1998). citing Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981); Muslim v. Frame, 854 F.Supp. 1215, 1222 (E.D. Pa. 1994).

However, while we may be unable to afford Jeri any relief in this court, his medical needs, which are being addressed by federal officials in North Carolina, may remain an active matter of dispute and concern. This consideration cautions in favor of the transfer of this case to the United States District Court for the Eastern District of North Carolina, where Butner is located, and where Jeri is housed and receiving custodial care.

This case is a federal civil action. In such cases, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> [B]e brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, with respect to Jeri's care going forward and his requests for prospective relief, "a substantial part of the events or omissions giving rise to the claim" are now taking place at the Federal Medical Center Butner and any potential

defendants who might be subjects of injunctive relief would also be found at the Federal Medical Center Butner. Therefore, this case currently appears to fall within the venue of the United States District Court for the Eastern District of North Carolina.

This court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue. See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue"); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). In this case, through the filing of this Memorandum, we are placing the plaintiff on notice that this complaint does not appear to allege facts that would currently give rise to venue over this action for injunctive relief in this court.

When it appears that a case is being pursued in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406 and Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the interests of justice, provide another form of relief, one which ensures that venue is proper without prejudicing

5

the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, *or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought*.

28 U.S.C. § 1406(a) (emphasis added).[1]

In this case, since venue over this matter appears to lie in the United States District Court for the Eastern District of North Carolina, in order to protect the plaintiff's rights as a *pro se* litigant, we will order this case transferred to the United States District Court for the Eastern District of North Carolina for further proceedings. Such a transfer order avoids any prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the current lack of venue in this fashion would not constitute a ruling on the merits of the plaintiff's claims, thus assuring that the plaintiff can have this case heard on its merits in the proper forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, §

---

[1] In addition, we note that, even if venue was still somehow appropriate here, it is clear that the preferred venue for litigation of this particular case would now be the United States District Court for the Eastern District of North Carolina. In such instances, 28 U.S.C. § 1404(a) also expressly provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404 (a).

4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

Finally, we note that:

> A motion to transfer venue ... involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). See Silong v. U.S., 5:05–CV–55–OC–10GRJ, 2006 WL 948048, at *1 n. 1 (M.D.Fla. April 12, 2006); Blinzler v. Marriott Int'l, Inc., No. Civ. A. 93–0673L, 1994 WL 363920, at *2 (D.R.I. July 6, 1994); O'Brien v. Goldstar Tech., Inc., 812 F.Supp. 383 (W.D.N.Y.1993); Russell v. Coughlin, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug.19, 1992); Hitachi Cable Am., Inc. v. Wines, Civ.A. No. 85–4265, 1986 WL 2135 (D.N.J. Feb.14, 1986). This is true "because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).

Berg v. Aetna Freight Lines, CIV.A. 07–1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008). Therefore, the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. See Franklin v. GMAC, CIV.A. 13–0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013) ("Orders to transfer are not listed as dispositive..... A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A). See, e.g., Silong v. United States, 2006 WL 948048, at *1 n. 1 (M.D. Fla. 2006). See also In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the

transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases); see also Holley v. Robinson, 2010 WL 1837797, *2 (M.D. Pa. 2010) (since "order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this [magistrate] court."); Berg v. Aetna Freight Lines, 2008 WL 2779294, at *1 (W.D. Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)") (collecting cases)).

### III. Conclusion

For the foregoing reasons, we will order that this case be transferred to the United States District Court for the Eastern District of North Carolina for all further proceedings.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATE: November 5, 2019